Chief Justice Robertson
delivered the Opinion of the Court.
James Taggart, who lived in Indiana, near Louisville, owned a tract of land in Clarke county in Kentucky. Henry T. Chiles and James Nelson each seemed anxious to buy the land, in the neighborhood of which they both resided. Nelson, who was not very favorably known to Taggart, requested Thomas M. Wallis, one of his neighbors and a particular friend of Taggart’s, to buy it for him, if it could be bought for a price not exceeding three thousand dollars; and Wallis, having agreed to negotiate for the purchase of it for him, addressed a letter to Taggart, dated July 14th, 1834, in which, without disclosing his agency, he proposed to buy it, ostensibly for himself. That letter having been received by Tag-gart, he answered it by a letter, dated 31st July, 1834, in which he proposed to sell the land to Wallis, for two thousand eight hundred dollars, in specified instalments; and Wallis, having recieved that letter about the 9th of August, 1834, addressed another letter to Taggart, which was mailed on that day, and in which he acceded to Tag-gart’s proposal.
But Henry T. Chiles, with a knowledge of those facts, employed Samuel W. Chiles, a brother-in-law of Tag-gart, to go to Indiana and buy the land in his (Samuel’s) •own name, but on a secret trust for himself, (Henry T.) And Samuel, starting, as was said, in the night, succeeded in reaching Taggart’s house before he had received Wallis’ last letter; and, without disclosing the fact that Wallis had sent a letter acceding to Taggart’s proposal, or the fact that he himself was the agent of Henry T. Chiles, to whom Taggart was very hostile, he made an executory written contract with him, for the purchase of the land, at the price of two thousand nine hundred dollars in three payments.
Where a party, secretly the agent of another, purchased a tract of land, which his principal took possession of,ostensibly as the tenant of his agent; and the a goncy remained concealed, until, in the progress of ■the suit instituted, in the name of the agent, to obtain the legal title, he is compelled, by cross bill, to disclose it-he cannot complain that he,instead of his principales made liable for rents and profits.
*282 Afterwards, Taggart, having received Wallis’ last letter, and ascertaining that Wallis had, in fact, acted only as the agent of Nelson, conveyed the legal title to the latter, for the stipulated consideration of two thousand eight hundred dollars, with the addition of ten per cent, interest on the instalments which had been proposed to Wallis.
Thereupon, Samuel W. Chiles brought this suit in chancery, for the purpose of compelling Nelson to relinquish the legal title to him.
But' the Circuit Court, upon a final hearing, on bill, answers and depositions, dismissed the bill absolutely, and decreed that Samuel W. Chiles should account to Nelson, for the use of the land which had been occupied under his (Samuel’s) claim of purchase.
Two questions are presented by the record: first — - is the principal decree right? and, secondly — is Samuel W. Chiles equitably liable for rents?
1. Nelson authorized Wallis to accede to Taggart’s proposition; and Wallis’s letter, notifying Taggart that he acceded to it, was properly mailed, in reasonable time. And therefore, the terms and the acceptance of them being sufficiently definite, a valid contract was closed, in judgment of law, as soon as Wallis’ last letter to Taggart was placed in the post office. 2 Kent's Com. 477.
But even had the terms of the contract been vague, or not evidenced by writing, the agreement itself, concluded by the correspondence between the parties, gave to Nelson a clear equity as against Samuel W. and Henry T. Chiles, who had notice of all the facts before the former made his contract with Taggart; and if thaiprior equity could not have been enforced against Taggart, yet, as it was consummated by the conveyar the legal title tq, Nelson, a court of equity shou disturb the title thus completed, by compelling í - - ishment of it to persons standing in the attitud >' niel W. and Henry T. Chiles. • The bonus of t. ■ ent, given on obtaining the conveyance, canno' Nelson’s claim, equitahle or legal.
*283 We therefore approve and affirm the decree dismissing the bill.
2. And though Henry T., and not Samuel W. Chiles, has occupied the land, nevertheless, as the former entered as the ostensible tenant of the latter, and as moreover Samuel W. Chiles filed the bill in his own name, and apparently for his own exclusive benefit, and did not, either disclose the fact, that H. T. Chiles claimed any beneficial interest, until he was compelled, to do so by Nelson’s cross bill, or make H. T. Chiles a party to the suit, until the Court required him to do so, he has no just pretence for complaining that he, and not Henry T. Chiles, has been required to account for the intermediate profits of the land which Nelson had a right to claim in this suit, brought against him for the land itself.
Wherefore, the entire decree is affirmed.